CUMBERLAND RIVER LUMBER CO. *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—659.]

**Nuisance in Maintaining a Dam.**

A defendant charged by the commonwealth with unlawfully maintaining a nuisance by erecting a dam, upon showing that the right was given him by the county court and that he has not built · the dam even as high as he was authorized to do, cannot be convicted of such offense.

APPEAL FROM WHITLEY CIRCUIT COURT.

March 7, 1885.

OPINION BY JUDGE PRYOR:

The fact that the County Court of Whitley had authorized King to erect a dam across the river at the point where the obstruction is said to exist is conceded, and that King constructed his dam and has been using it since for the purpose of his mill, is shown by the Commonwealth.

. The dam has often been repaired and as often washed away, at least in many places. There is no regularity in its height, but at no time since it was constructed had King built the dam as high as authorized by the county court, that is, six feet above ordinary low water mark.

All the use King made of the dam was to supply his mill with water, and since the year 1856 he has not attempted to raise it any higher than suited his purposes. But this was not an abandonment of his right to do so, or a forfeiture of the privilege extended to him by the county court. It does not appear that any private right has been invaded or periled by the failure to build the dam six feet high or that the building of the dam that high has injured any one. If a private injury the parties must respond in damages. It does not appear that the public has been injured by the failure to raise the dam or that its being raised to the height of six feet has injured the public or disturbed navigation. We see no proof of that fact in the record.

It tended to make the water higher above the dam, but it does not appear that it injured the public in any particular. The county court

in determining the question made on the application of King, has said to him: "Having, no doubt, the interest of the public in view, you can build your dam six feet high, but not higher." King built it only five feet or perhaps at some places 5½ feet and has been using the dam since. Now the failure to build the dam six feet was no violation of the contract because the condemnation was made and the privilege given for the benefit of King, and the failure to build the wall higher was not to the injury of the public and building it higher was in strict accordance with the grant. Circumstances may have changed so as to work an injury to the public by even having a dam at all at the point designated, but the remedy is not by indictment when the party confines himself within the letter of the privilege granted.

The presumptnion is, that the county court knew the height to which the dam could be constructed, and it had the sole power to give the privilege, and this is fortified by the fact that no public injury is shown. Judgment reversed and cause remanded for proceedings consistent with this opinion.

Judgment *reversed.*

*Wm. Lindsay, for appellant.*